# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | )    **NO. 3:03-cr-00229** |
| **v.** | ) |
| | )    **JUDGE CAMPBELL** |
| **PARLEY DREW HARDMAN** | ) |

## ORDER

Pending before the Court is Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2), the Government's opposition, and Defendant's reply. (Doc. Nos. 249, 251, 252). For the reasons stated herein, the motion for sentence reduction (Doc. No. 249) is **DENIED**.

## I.      BACKGROUND

The Sixth Circuit aptly summarized the conduct and procedural history of this case as follows:

> In March 2003, a jury found Hardman guilty of solicitation to commit interstate stalking, solicitation to commit murder for hire, and conspiracy to commit interstate stalking. *See United States v. Hardman*, No. 06-5798, 2008 U.S. App. LEXIS 28043 (6th Cir. Mar. 24, 2008) (order). These charges arose from Hardman's plot to murder his ex-wife, Cherilynn Collins. Hardman first attempted to hire Marvin Droznek to carry out the plan, but Hardman could not afford Droznek's price. Instead, Hardman agreed to pay less to have Collins's legs broken and her dog killed. Droznek ultimately hired Joe Lucas to carry out his plan, but Lucas contacted the FBI about the plot. The district court sentenced Hardman to concurrent terms of 180 months of imprisonment on each solicitation charge and 60 months on the conspiracy charge. Following remand for resentencing under *United States v. Booker*, 543 U.S. 220 (2005), the district court imposed the same sentence. We affirmed. *Hardiman*, 2008 U.S. App. LEXIS 28043.
>
> While in jail in 2003, Hardman initiated a second plot to kill Collins and three other people: assistant United States Attorney Sunny Koshy, who was prosecuting his case, and Droznek and Lucas, who testified against Hardman.

1

> These actions led to Hardman's conviction in 2005 of solicitation to kill an officer or employee of the United States; conspiracy to kill an officer or employee of the United States; three counts of solicitation to retaliate against a witness; two counts of conspiracy to retaliate against a witness; solicitation to commit interstate stalking; and conspiracy to commit interstate stalking. The district court imposed a total term of imprisonment of 242 months for these convictions, to run consecutively to his term of imprisonment in the first case, for a total sentence of 422 months of imprisonment. We affirmed. *United States v. Hardman*, No. 06-5799 (6th Cir. Mar. 25, 2008) (order).

*United States v. Hardman*, No. 20-6337/20-6351 (6th Cir. Sept. 2, 2021) (order).

In 2020, Defendant filed motions for compassionate release in each of his criminal cases arguing that a reduction in sentence was warranted due because his medical conditions placed him at increased risk of serious illness from COVID-19. The Court found that the sentencing factors under 18 U.S.C. § 3553(a) did not warrant a reduction in sentence and denied the motion. (See Doc. No. 197). The Sixth Circuit affirmed.

At the time the motion was filed, Hardman was 68 years old and had been in custody for more than 21 years. His projected release date is March 18, 2033. Defendant stated that during his incarceration he earned his GED, has "completed programs related to recreation, health, and administrative skills," and has worked a variety of jobs. (Doc. No. 249 at 4). He states that he has had four infractions: two from 2004 for fighting and being in an unauthorized area, one in 2012 for assault with serious injury, and one from January 2023 for refusing a drug/alcohol test. (*Id.*).

Defendant seeks a sentence reduction to 210 months in Case No. 3:03-cr-00229 based on retroactive amendments to the Sentencing Guidelines.

## II.     ANALYSIS

Under 18 U.S.C. § 3582(c)(2), if the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission

and designated as retroactive, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a), if the reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1] 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2).

In November 2023, the Sentencing Commission amended the Guidelines rule for assessing "status points." U.S.S.G. Amendment 821 (Nov. 1, 2023). The new rule has been designated retroactive. U.S.S.G. § 1B1.10(d). The amendment reduces Defendant's status points from two to zero, which in turn reduces his Criminal History Category from III to II, and his Guidelines range from 235-293 months to 210-262 months.

Defendant notes that the initial sentence of 242 months was seven months above the bottom of the guideline range and argues the Court should reduce his sentence to one at or near the bottom of the revised guidelines range in consideration of Defendant's age, likelihood of recidivism, total effective sentence, and conduct in prison.

The Government does not dispute that Defendant is eligible for a reduction in sentence under Amendment 821, but argues that granting him a reduction in sentence would fail to satisfy the 18 U.S.C. § 3553(a) factors and would amount to a miscarriage of justice. The Government

---

[1] Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with a number of factors including: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; the applicable Sentencing Guidelines range; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

3

points to the extraordinarily serious conduct underlying Defendant's conviction and notes that the sentence of 242 months is only slightly above the midpoint of the revised guidelines range. The Government argues that a lengthy sentence is critical to promote respect for the law, provide just punishment for the offenses, to vindicate the rights of Defendant's victims, and to protect the public – including the witnesses and prosecutor he sought to have killed. In addition, the Government argues that Defendant does not have an unblemished record of conduct while incarcerated.

Although the Defendant is eligible for a reduction in sentence under Section 3582(c)(2) based on retroactive changes to the Guidelines, having considered the Section 3553(a) factors, the Court finds that a reduction in sentence is not warranted here. In reaching this conclusion, the Court places particular emphasis on the extraordinarily serious nature of the Defendant's conduct, the fact that the crimes in this case were committed while he was in prison for another related offense, that he tried to have federal witnesses and a federal prosecutor murdered, and that the sentencing judge found Defendant showed a lack of remorse. While in prison, Defendant continued to engage in violent conduct. He has infractions for fighting and assault with serious injury. The originally imposed sentence of 242 months is within the new guidelines range. Although, statistically, the risk of recidivism decreases with age, any decreased risk of recidivism is far outweighed by the other sentencing factors. The Court finds a sentence of less than that originally imposed would not provide just punishment for the offense, afford adequate deterrence, or promote respect for the law. In summary, the sentencing factors do not support a reduction in sentence in this case.

## III. CONCLUSION

For the reasons stated herein, Defendant's motion for sentence reduction (Doc. No. 249) is

**DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5